IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JULIA M. ROBINSON and KENDALL J. HALL, | ) ) ) |
| Plaintiffs, | ) ) Civil Action No.: ) 1:23-CV-05655-MHC |
| v. | ) ) |
| THE UNITED STATES OF AMERICA, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## DEFENDANTS ENTERPRISE RENT-A-CAR INC.'S AND ENTERPRISE HOLDINGS INC.'S OBJECTION TO AUTHENTICITY OF ELECTRONICALLY FILED DOCUMENTS AND SIGNATURES

Pursuant to Appendix H of the Court's Civil Local Rules, Defendants Enterprise Rent-A-Car, Inc. ("Enterprise") and Enterprise Holdings, Inc. ("Enterprise Holdings") -- appearing solely for purposes of this Objection -- hereby object to the following documents that were electronically filed by Plaintiffs and that purport to include the signature of a representative of Enterprise and/or Enterprise Holdings agreeing to waive service of the Summons and Complaint in this action:

- Waiver of the Service of Summons (Enterprise/Enterprise Holdings) [Doc. 8, Page 29 of 37], filed on February 28, 2024, and entered on the docket on March 1, 2024;

- Waiver of the Service of Summons (Enterprise/Enterprise Holdings) [Doc. 8, Page 30 of 37], filed on February 28, 2024, and entered on the docket on March 1, 2024;

- Waiver of the Service of Summons (Enterprise Holdings) [Doc. 9-6], filed on February 29, 2024, and entered on the docket on March 4, 2024; and

- Waiver of the Service of Summons (Enterprise) [Doc. 9-7], filed on February 29, 2024, and entered on the docket on March 4, 2024.

The foregoing documents are hereafter collectively referred to as the "Documents."

In support of this Objection, Enterprise and Enterprise Holdings further state as follows:

1. Pursuant to Sections II.C.1.b and II.C.3.c of Exhibit A to Appendix H of the Court's Civil Local Rules, Enterprise and Enterprise Holdings dispute and object to the authenticity of the Documents and the signatures on the Documents.

2. None of the Documents was signed by a representative of Enterprise or Enterprise Holdings, and the signature on each of the Documents is not that of a representative of Enterprise or Enterprise Holdings.  Indeed, the signature on all of the Documents -- as well as the alleged Waiver of the Service of the Summons for each of the other defendants in this action -- is virtually identical and appears to be the signature of one of the Plaintiffs.  Neither Enterprise nor Enterprise Holdings authorized Plaintiffs or anyone else to sign the Documents on its behalf or consented to having the Documents signed on its behalf.

3. Neither Enterprise nor Enterprise Holdings has even received a valid Notice of a Lawsuit and Request to Waive Service of Summons that complies with the requirements of Rule 4(d)(1) of the Federal Rules of Civil Procedure, and neither Enterprise nor Enterprise Holdings has agreed to execute or actually executed a Waiver of the Service of Summons related to this civil action.

4. In short, the Documents filed by Plaintiffs indicating that Enterprise and Enterprise Holdings waived service of the Summons and Complaint in this action are false, as is any representation or suggestion that a representative of Enterprise or Enterprise Holdings signed any of the Documents.

5. Moreover, neither Enterprise nor Enterprise Holdings has been served with process in this action or properly made a party to this action, and the fact that Enterprise and Enterprise Holdings are aware of this action is not a substitute for proper service. *See Albra v. Advan*, 490 F.3d 826, 829 (11th Cir. 2007) ("A defendant's actual notice [of a lawsuit] is not sufficient to cure defectively executed service."); *Kuykendall v. Trop, Inc.*, No. 1:17-CV-462-WSD, 2017 WL 5193287, at *3 (N.D. Ga. Nov. 9, 2017) (service of process that does not comply with the Federal Rules of Civil Procedure is ineffective, "even when a defendant has actual notice of the filing of the suit").

6. Because neither Enterprise or Enterprise Holdings has yet been served with process or entered an appearance, neither Enterprise nor Enterprise Holdings

3

received a Notice of Electronic Filing for any of the Documents. Nevertheless, this Objection is timely filed within ten days of the date on which Enterprise and Enterprise Holdings first became aware of the Documents.

7.  Enterprise and Enterprise Holdings make a limited appearance in this case solely to preserve and assert this Objection within the time required by the Court's Civil Local Rules. In an abundance of caution, Enterprise and Enterprise Holdings further deny that they have been properly and sufficiently served with process in this action, that the Court has personal jurisdiction over them, or that the Complaint states a claim upon which relief can be granted. Enterprise and Enterprise Holdings expressly reserve, and do not waive, each of those defenses and all other defenses, rights, and remedies available to them under the Federal Rules of Civil Procedure or applicable law in the event Plaintiffs serve or attempt to serve Enterprise or Enterprise Holdings with the Summons and Complaint in this action.

Respectfully submitted this 13th day of March, 2024.

*/s/ Jeffrey R. Baxter*
**Ian K. Byrnside**
Georgia Bar No. 167521
ibyrnside@bakerlaw.com
**Jeffrey R. Baxter**
Georgia Bar No. 142356
jbaxter@bakerlaw.com

BAKER & HOSTETLER LLP
1170 Peachtree Street, NE, Suite 2400
Atlanta, Georgia 30309

Telephone: (404) 459-0050
Facsimile: (404) 459-5734

*Attorneys for Enterprise Rent-A-Car,
Inc. and Enterprise Holdings, Inc.*

5

4892-4041-0285.1

## **RULE 7.1(D) CERTIFICATE**

The undersigned counsel certifies that this document has been prepared with Times New Roman 14-point font in accordance with Local Rule 5.1.C.

Respectfully submitted this 13th day of March, 2024.

                                               */s/ Jeffrey R. Baxter*
                                               **Jeffrey R. Baxter**
                                               Georgia Bar No. 142356
                                               jbaxter@bakerlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **DEFENDANTS ENTERPRISE RENT-A-CAR INC.'S AND ENTERPRISE HOLDINGS INC.'S OBJECTION TO AUTHENTICITY OF ELECTRONICALLY FILED DOCUMENTS AND SIGNATURES** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all registered participants and counsel of record.

A copy of this filing has also been mailed to Plaintiffs at the following address by United States Mail:

> Julia M. Robinson
> Kendall J. Hall
> 2451 Cumberland Parkway SE
> Suite 3320
> Atlanta, GA 30339

This 13th day of March, 2024.

>> */s/ Jeffrey R. Baxter*
>> **Jeffrey R. Baxter**