UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JULIA ROBINSON, et al )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE UNITED STATES )<br>OF AMERICA, et al, )<br>)<br>Defendants ) | CASE NO. 1:23-cv-05655-MHC |

**BRIEF IN SUPPORT OF DEFENDANT FLORIDA ATLANTIC UNIVERSITY'S MOTION TO DISMISS**

Defendant FLORIDA ATLANTIC UNIVERSITY ("FAU"), by and through undersigned counsel, submits this brief in support of its Motion to Dismiss Plaintiffs' Complaint.

**Introduction and Background**

Plaintiff has filed an incomprehensible 100-plus page Complaint against federal and state officials and employees, private companies, and medical professionals in regard to what appears to be conspiracy theories and unrelated issues. She indicates that she is suing under 42 U.S.C. § 1983 for alleged violations of their First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights. Plaintiff is seeking $500,000,000 in damages. These broad allegations make it unclear for the Defendant as to who may be responsible for what acts or omissions,

1

what, if any, harm occurred to the Plaintiff or a third party for whom she is attempting to represent, and when such alleged events may have occurred. As the Plaintiff has failed to provide short and plain statements with the facts necessary to support these broad allegations and fails to state any cause of action against the Defendant, it is impossible for the Defendant to know what it is alleged to have done and prepare a proper response and defense. Plaintiff also fails to show any actual harm or injury or a risk of future harm or injury. This "shotgun pleading" makes it unclear for the Defendant as to what acts or omissions, if any, caused harm or injury to the Plaintiff for which she may seek relief. As such, Plaintiff's Complaint should be dismissed.

## MEMORANDUM OF LAW

## LEGAL STANDARD

**A. Fed. R. Civ. P. 12(b)(1)**

Federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Cave v. Stone*, No. 20-cv-61955-Altman, 2021 WL 4427451 at *5 (S.D. Fla. September 27, 2021) (citing to *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011), *aff'd*,

568 U.S. 85 (2013)). Challenges under Rule 12(b)(1) come in two forms: as "[f]acial attacks on the complaint [which] require the court merely to look and see if the plaintiff has alleged a basis for subject matter jurisdiction" or as "[f]actual attacks [which] challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings and matters outside the pleadings[.]" *Id*. citing to *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). "[A] factual attack challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings[.]" *Id*. citing to *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.,* 524 F.3d 1229, 1233–34 (11th Cir. 2018). "In a factual attack, courts are free to weigh the evidence to satisfy themselves they have the power to adjudicate the case." *Id*. citing to *Figueroa v. Merscorp, Inc.,* 766 F. Supp. 2d 1305, 1315 (S.D. Fla. 2011). In the case of factual attacks, the plaintiff's allegations don't enjoy a presumption of validity, and "the burden is on the plaintiff to prove that jurisdiction exists." *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002); *see also Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).

**B. Fed. R. Civ. P. 12(b)(6)**

The function of a motion to dismiss for failure to state a cause of action under Fed. R. Civ. P. 12(b)(6) is to test the legal sufficiency of the pleading. *Fowler v. S. Bell Tel. & Tel. Co.*, 343 F.2d 150, 153 (5th Cir. 1965) (finding a motion to dismiss

for failure to state a claim upon which relief can be granted generally serves the same function as the common law demurrer).

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court may consider only the complaint, the written instruments attached to it as exhibits, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. See *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court must "view the allegations of the complaint in the light most favorable to the plaintiffs], consider the allegations of the complaint as true, and accept all inferences therefrom." *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 127, 1288, n.12 (11th Cir. 2005) (internal quotations omitted). However, a court has no corresponding duty to accept as true any legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions.").

Indeed, even where a Plaintiff has made allegations concerning each element, to survive a motion to dismiss pursuant to Federal Rule 12(b)(6), the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level. ..." *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 545 (2007).  As a result, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief." *Fin. Sec. Assur., Inc. v. Stephens, Inc.,* 500 F.3d 1276, 1282

(11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 557–559)). Blanket assertions, labels, and conclusions pled in a complaint are insufficient to satisfy this standard. See *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## ARGUMENT

### I. Eleventh Amendment Immunity

The Eleventh Amendment[1] precludes certain suits by citizens against their own States in federal court. *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). Generally, Eleventh Amendment immunity applies unless Congress validly abrogates that immunity or the state consents to be sued.[2] *Miller v. King*, 384 F.3d 1248, 1268 (11th Cir. 2004), opinion vacated and superseded, 449 F.3d 1149 (11th Cir. 2006). The amendment applies even when a state is not named

---

[1] The Eleventh Amendment provides that: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI

[2] Neither exception applies here. It is well established that Congress did not intend to abrogate a state's Eleventh Amendment immunity in 42 U.S.C.A. § 1983 damage suits. *Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1502 (11th Cir. 1995). In addition, Florida has not waived its sovereign immunity or consented to be sued in suits brought pursuant to 42 U.S.C.A. § 1983. *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1513 (11th Cir. 1986).

as a party of record, if for all practical purposes the action is against the state. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 101–02 (1984); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). This bar includes state agencies and other arms of the state. *Robinson v. Ga. Dep't of Transp.*, 966 F.2d 637, 638–40 (11th Cir. 1992). Thus, the Eleventh Amendment extends to state agencies and other arms of the state, but it does not reach lawsuits against municipalities and other discreet political subdivisions that are sufficiently independent from the state. *Mt. Healthy City School Dist. v. Doyle,* 429 U.S. 274, 280 (1977); *Brown v. East Central Health Dist.,* 752 F.2d 615, 617 (11th Cir.1985).

In this case, Ms. Robinson has brought a lawsuit in federal court against Florida Atlantic University. There are no allegations made against the university and no facts to demonstrate how FAU is even associated with this case. FAU is a state university, and therefore is an arm of the state. "It is well settled in Florida that state universities, and their boards of trustees, are arms of the state that are entitled to Eleventh Amendment immunity." *Baker v. Univ. Med. Serv. Assoc., Inc.*, Case No: 8:16-CV-2978-T-30MAP, 2016 WL 7385811, at *3 (M.D. Fla. Dec. 21, 2016) (citing *Crisman v. Fla. Atl. Univ. Bd. of Trs.*, 572 F. App'x 946 (11th Cir. 2014); *Irwin v. Miami-Dade Cty. Pub. Schs., et al.,* 398 F. App'x 503, 507 (11th Cir. 2010)). A suit against the state is barred by sovereign immunity." *Lewis v. Clarke*,

137 S. Ct. 1285, 1290–91 (2017) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

Lawsuits against State officials sued in their official capacity are generally barred under the Eleventh Amendment, with one notable exception. In *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court held that a private litigant can sue a state officer for prospective injunctive relief to end "a continuing violation of federal law." *Ex parte Young*, 209 U.S. 123. Here, *Ex parte Young* does not apply as the relief requested is for monetary damages. There is no cause of action brought against the Defendant and no claim of a continued violation. The remedy sought in this case ". . . does nothing to ensure compliance in the future with a substantive federal-question determination", but rather looks to the past for, essentially, compensatory relief. *Milliken v. Bradley*, 433 U.S. 267, 289 (1977) (quoting *Edelman v. Jordan*, 415 U.S. 651, 664 (1974)). As Florida Atlantic University is a state agency and not an individual officer, *Ex parte Young* is not applicable to this party.

Florida Atlantic University is a state agency and is entitled to Eleventh Amendment immunity. Therefore, this case should be dismissed with prejudice.

II.    **FAILURE TO STATE A CLAIM**

Plaintiff's Complaint is a "shotgun" pleading and fails to give the Defendant notice of what claims are lodged against it and which facts are relied upon to support

those claims. The statement must "give the defendant fair notice of what the…claim is and the ground upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). As such, "shotgun pleadings" are prohibited. *McMahon v. Cleveland Clinic Foundation Police Dept.*, 455 Fed.Appx. 874, 877 (11th Cir. 2011). A complaint that "fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" Often, "shotgun pleadings" are "confusing, incoherent, and clogged with seemingly irrelevant…allegations," and are therefore appropriate for dismissal. *Lampkin-Asam v. Volusia County School Board*, 261 Fed.Appx. 274, 277 (11th Cir. 2008). Plaintiff's Complaint fails to meet the liberal notice-pleading standards of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) requires a "short and plain statement of the claim." Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." The complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

Plaintiff's Complaint does not meet these minimum pleading standards and is a shotgun pleading because it is replete with conclusory and vague allegations. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015).

8

The Complaint is confusing, rambling, and any factual allegations are not connected to the elements of any causes of action. Even with all of the information presented, it is unclear as to what, if any, case or controversy exists for resolution. *See DiMaio c. Democratic Nat. Comm.*, 520 F.3d 1299, 1301 – 02 (11th Cir. 2008) ("Article III of the Constitution limits the 'judicial power' of the United States to the resolution of cases and controversies." (quotation marks and citation omitted)). The Complaint has many pleading deficiencies, so much so that basic comprehension of the document is almost impossible. The names of the Defendants (or simply the word "Defendants") are intermingled throughout the Complaint such that it is impossible to tell which legal claims are lodged against which defendants, and which, if any, facts are alleged in support thereof. In fact, there are no facts or allegations in regard to Florida Atlantic University at all. The defects make it impossible for the Defendant to intelligently respond to the Complaint or determine what defenses it may have. As such, the Complaint fails to give the fair notice contemplated by Rule 8 of the Federal Rules of Civil Procedure. Because the Complaint is not legally sufficient, the Court must dismiss it. *See Westley v. Alberto*, 703 F. App'x 727, 732 (11th Cir. 2017) (affirming dismissal of complaint *sua sponte* under Rule 8 because "[m]ost paragraphs in the complaint accused strings of defendants of engaging in a broad conspiracy to harm Westley, but rarely if ever did the complaint identify the specific actions taken by any individual defendant."); *Brinson v. Welsh*, 709 F.

App'x 582, 585 (11th Cir. 2017) (affirming dismissal of complaint *sua sponte* because it failed to plead relevant facts supporting its cause of action). A district court has the "inherent authority to control its docket and ensure the prompt resolution of lawsuits," which includes the ability to dismiss a complaint on shotgun pleading grounds. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) citing *Weiland* at 1320. In the special circumstance of non-merits dismissals on shotgun pleading grounds, we have required district courts to sua sponte allow a litigant one chance to remedy such deficiencies. *Id.* citing to *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006).

### III. Lack of Standing

**A. Plaintiff lacks standing and fails to allege a justiciable controversy**

The Plaintiff has stated no claim against the Florida Atlantic University in this case. The Plaintiff seeks relief but fails to state a cause of action or a justiciable controversy concerning each defendant. To state a claim for declaratory relief, Plaintiff must demonstrate the existence of an "actual controversy." 28 U.S.C. § 2201. An "actual controversy exists where there is a controversy between parties that have adverse legal rights, such that the court must make an immediate and definitive determination of the rights of the parties. *See Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941) (holding that an actual controversy necessarily involves parties having adverse legal interests); and see *Aetna Life Ins.*

*Co. of Hartford, Conn. v. Haworth,* 300 U.S. 227, 241 (1937) (holding that declaratory relief is appropriate only where the court must intervene to immediately and definitively determine the legal rights of adverse parties).

"Article III of the Constitution limits the 'judicial power' of the United States to the resolution of cases and controversies." *DiMaio v. Democratic Nat. Comm.*, 520 F.3d 1299, 1301–02 (11th Cir. 2008) (citation and quotation marks omitted). Critical to the case-or-controversy requirement of Article III is an inquiry into standing. *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Standing "is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005). The party invoking federal jurisdiction bears the burden of proving the essential elements of standing. *Lujan*, 504 U.S. at 561; *Elend v. Basham*, 471 F.3d 1199, 1205–06 (11th Cir. 2006). Given the procedural posture in this case, the Court looks to the sufficiency of the allegations in the complaint and any attached documents to the motion central to Plaintiff's claims to determine standing. *Church v. City of Huntsville*, 30 F.3d 1332, 1336 (11th Cir. 1994); *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005). It is not enough that "the [plaintiff]'s complaint sets forth facts from which we could imagine an injury sufficient to satisfy Article III's standing requirements." *Elend*, 471 F.3d at 1206 (quoting *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic*

*Comm'n*, 226 F.3d 1226, 1229 (11th Cir. 2000) (citations omitted)). Rather, a plaintiff must satisfy three constitutional prerequisites of standing:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*DiMaio*, 520 F.3d at 1301–02 (citing *Lujan*, 504 U.S. at 560–61); see also *Dermer v. Miami-Dade Cty.*, 599 F.3d 1217, 1220 (11th Cir. 2010) ("Standing for Article III purposes requires a plaintiff to provide evidence of an injury in fact, causation and redressability."). Importantly, a plaintiff must establish standing as to each claim and for each form of relief sought. *Davis v. Federal Election Comm'n,* 554 U.S. 724, 734 (2008).

It is unclear what injury, if any, Ms. Robinson may have suffered that has any connection to Florida Atlantic University. She fails to demonstrate any injury caused by an act or omission by the university. It is unclear as to whether there is even a justiciable controversy, let alone an injury that would be redressed by a decision against the school. The Plaintiff fails to make any adequate claim against Florida Atlantic University that is traceable to or redressable by the university.

Thereby, the Plaintiff presents no justiciable controversy for this Court to resolve. The case must be dismissed.

### B. Ms. Robinson lacks standing to represent her child in this case

Ms. Robinson is a non-attorney proceeding *pro se* claiming that she is bringing this legal action on behalf of herself and her minor child. While individuals in federal court generally may "may plead and conduct *their own cases* personally," 28 U.S.C. § 1654 (emphasis added), the right to appear *pro se* does not extend to non-attorney parties representing the interests of others. Courts have held that "parents who are not attorneys may not bring a *pro se* action on their child's behalf." *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997) (explaining that while Rule 17(c), Fed. R. Civ. P., permits a parent to sue on behalf of a minor child, it does not permit a non-attorney parent to act as legal counsel for the child in such an action), *overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007). This rule "helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents." *Devine*, 121 F.3d at 581. See also *Grappell v. Carvalho,* 847 Fed.Appx. 698, 701 (11th Cir. 2021).

The Plaintiff in our case has brought suit on behalf of her child and fails to distinguish which claims pertain to her and which are on behalf of the child, in

violation of the precedent described above. The failure to comply with this precedent provides a further basis for dismissal of the complaint.

## CONCLUSION

Plaintiff's entire Complaint must be dismissed because it is a "shotgun" pleading, which fails to give the Defendant adequate notice of what claims are lodged against it. In addition, Plaintiff lacks standing and has failed to state a claim for which the Court may grant relief. Additionally, Florida Atlantic University is entitled to Eleventh Amendment immunity.

WHEREFORE, Defendant Florida Atlantic University respectfully requests that this Court enter an order granting its Motion to Dismiss.

Respectfully Submitted,

ASHLEY B. MOODY
ATTORNEY GENERAL OF FLORIDA

s/ Christopher Sutter
Christopher Sutter (Fla. Bar No. 422215)
Senior Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
110 Southeast Sixth Street, 10th Floor
Ft. Lauderdale, Florida 33301
Telephone: (954) 712-4600
Facsimile: (954) 527-3702
Christopher.Sutter@myfloridalegal.com
*Pro Hac Vice Attorney for Defendant FAU*

Sponsored by:    s/ Roger A. Chalmers
Roger A. Chalmers (Ga. Bar No. 118720)
Senior Assistant Attorney General

State Law Department<br>
40 Capitol Square SW<br>
Atlanta, GA  30334<br>
Tel: (404) 458-3220<br>
Fax: (404) 651-5304<br>
Email: rchalmers@law.ga.gov<br>
*Pro Hac Vice Sponsoring Attorney*

### CERTIFICATE PURSUANT TO LOCAL RULE 7.1.D

I certify that the foregoing brief conforms to the requirements of L.R. 5.1C. The brief is prepared in 14-point Times New Roman font.

/s/ Christopher Sutter
Christopher Sutter
Senior Assistant Attorney General

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 25, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this date on the pro se parties below via U.S. Mail:

Julia Robinson
Kendall Hall
2451 Cumberland Parkway SE, Ste 3320
Atlanta, GA 30339
Email: juliamrobinsonuscourtappealprose@yahoo.com

/s/ Christopher Sutter
Christopher Sutter
Senior Assistant Attorney General