## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JULIA M. ROBINSON | ) | |
| AND KENDALL J. HALL | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| V. | ) | 1:23-CV-05655 |
| | ) | |
| THE UNITED STATES OF AMERICA | ) | |
| WILLIAM J. BURNS | ) | |
| MONICA BERTAGNOLLI | ) | |
| XAVIER BECERRA | ) | |
| PETE BUTTIGIEG | ) | |
| LLOYD AUSTIN | ) | |
| CHRISTOPHER A. WRAY | ) | |
| GENERAL PAUL M. NAKASONE | ) | |
| MERRICK GARLAND | ) | |
| DR. ROBERT CALIFF | ) | |
| ALEJANDRO MAYORKAS | ) | |
| T-MOBILE INC. | ) | |
| AT&T INC. | ) | |
| MOJIO INC. CANADA | ) | |
| MOJIO INC. UNITED STATES | ) | |
| MOJIO INC. BULGARIA | ) | |
| APPLE INC. | ) | |
| ENTERPRISE RENT-A-CAR INC. | ) | |
| ENTERPRISE RENT-A-CAR INC. | ) | |
| T-MOBILE INC. | ) | |
| AUDI INC. | ) | |
| AUDI INC. | ) | |
| MEMORIAL HOSPITAL | ) | |
| MEMORIAL HOSPITAL | ) | |
| FLORIDA ATLANTIC UNIVERSITY (FAU) | ) | |
| DR. BRITTNEY MASON-HIRNER | ) | |

MD MARIANA DANET                            )
MD YOEL A HERNANDEZ-RODRIGUEZ      )
AMGEN INC.                                  )
BLACKROCK INC.                              )
JOHN DOES                                   )
JANE DOES                                   )
                                            )
    Defendants.          )

_____

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT FED. R. CIV. PROC. 12(b)(6) OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT UNDER FED. R. CIV. PROC. 12(e) AND BRIEF IN SUPPORT THEREOF

COMES NOW, Defendant, Yoel A. Hernandez-Rodriguez, MD, defendant, by and through counsel and hereby files this Motion to Dismiss Plaintiff's Complaint, and shows this Court the following:

## I.  INTRODUCTION

Defendant moves this Court for an order dismissing this Complaint for failure to state a claim and other reasons as set forth herein. Plaintiffs' complaint is an unreadable essay full of conclusory and repetitive statements covering 148 pages of single space type lacking sufficient organization and detail to allow the Defendant to understand and appreciate any claims made against him.

## II.  FACTUAL BACKGROUND

Plaintiff Robinson filed her Complaint on January 10, 2024, bringing claims against Defendant, a doctor residing and practicing near Miami, Florida

as well as at least 28 other defendants ranging from the Central Intelligence Agency to Apple, Inc. and, finally, to Defendant. The complaint seeks $500,000,000.00 in damages. Plaintiff Robinson purports to bring a claim on behalf of Kendall Hall, who is either her daughter or domestic partner. Plaintiff Hall did not sign the Complaint or other papers.

As Defendant sets forth below, because the Complaint violates basic requisite pleading standards, adhere to the federal rules of civil procedure, Local Rules for the Northern District of Georgia, Atlanta Division, or this Court's Standing Order, this Court should dismiss Plaintiffs' Complaint in its entirety.

## III.   ARGUMENT AND CITATION OF AUTHORITY

### A. This Court Should Dismiss Kendall Hall as Plaintiff as Plaintiff Robinson has no standing to bring the claim on her behalf.

Plaintiff Robinson purports to bring this case on behalf of Kendall Hall. While the Complaint is unclear on this issue, it appears that Kendall Hall is either the domestic partner of Plaintiff Robinson or her minor daughter. In either case, Plaintiff Robinson lacks standing to bring the claims on the co-plaintiff's behalf and the claims of Plaintiff Hall should be dismissed.

### B. This Court Should Grant Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted Under Rule 12(b)(6).

On a motion to dismiss under Rule 12(b)(6), a complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although Rule 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). Likewise, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a Rule 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678. Furthermore, Plaintiffs have failed to comply with the Standing Order in the case, particularly section I(D), p.5 by failing to adhere to the federal rules of civil procedure and local rules of the Northern District of Georgia which specifically orders Pro Se litigants to adhere to the rules of civil procedure. Plaintiffs apparently allege violations of her civil rights under 42 U.S.C. § 1983 for alleged violations of their First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights. Defendant is unable to decipher through the Complaint what specific acts he is alleged to have committed and therefore cannot provide a proper response to the alleged claims. These claims appear to have originated against Defendant based

on Plaintiff Robinson being treated in September of 2014 by Defendant.  As best as Defendant can understand, Plaintiff believes that Defendant falsified her medical record to indicate she was prescribed opioids by Defendant and somehow was involved in getting Defendants entered into some sort of secret government program study.

Plaintiff uses the word "Defendants" throughout the Complaint making it impossible to understand which facts apply to which Defendants.  Moreover, the Plaintiff fails to enumerate the claims and to state which claims are against which Defendants.  The Court should dismiss the Complaint in it's entirety.

This Court is particularly aware of Plaintiff Robinson's efforts as a serial litigant having dismissed previous actions filed by Plaintiff that contain similar, incomprehensible, factual allegations   and pleadings.[1]  Despite this Court's patient treatment with the Plaintiff over the last recent cases, Plaintiff Robinson continues to consciously disregard the federal rules of civil procedures, the local rules and standing orders by filing shotgun pleadings against a myriad of defendants without properly illuminating the claims raised.  This Court should not entertain this conduct and should dismiss the complaint with prejudice as Plaintiff Robinson, by now, should be well aware of the required pleading

---

[1] See, 1:23-cv-01161-MHC; 1:23-cv-00043-MHC (where this Court dismissed the Complaint after providing an opportunity to amend the Complaint [Docket 19]); 1:22-cv-03080-MHC (dismissing the case after Plaintiff failed to properly serve Defendants).

elements, having been ordered to do so by this very court previously.

**B. Should This Court Not Dismiss Plaintiff's Complaint Under Rule 12(b)(6), This Court Should Grant Defendants' Motion for a More Definite Statement Under Rule 12(e).**

Should the Court determine Plaintiffs' Complaint should not be dismissed under Rule 12(b)(6), the Court should require Plaintiffs to file an amended complaint that sets forth a more definite statement.[3] Under Rule 12(e), a defendant may move for a more definite statement where a pleading is so vague and ambiguous that the defendant cannot reasonably prepare a response. A motion for a more definite statement is appropriate when the plaintiff has filed a "shotgun pleading." *See Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) ("a defendant faced with a [shotgun] complaint . . . is not expected to frame a responsive pleading. Rather, the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement.").

Generally, shotgun pleadings are marked by "the failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). There are several types of shotgun pleadings, the most common of which contains "multiple counts where each count adopts the allegations of all

preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). "The next most common type" is where the pleading is "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321–22. Another type of shotgun pleading asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Id.* at 1323. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* Plaintiffs' Complaint is a classic shotgun pleading, containing many of the flaws strongly condemned by the Eleventh Circuit. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) (stating that a shotgun pleading is one that "incorporate[s] every antecedent allegation by reference into each subsequent claim for relief or affirmative defense"); *Glock v. Glock*, 247 F. Supp. 3d 1307, 1313 (N.D. Ga. 2017), *aff'd*, 714 F. App'x 987 (11th Cir. 2018) (finding that plaintiff's complaint was a shotgun pleading where it contained "1,810 paragraphs, many of which contain repetitive factual allegations or factual allegations that are irrelevant to the stated claims," and where it also

incorporated hundreds of paragraphs into each count); *Hickman v. Hickman*, 563 F. App'x 742, 744 n.1 (11th Cir. 2014) (concluding that plaintiff's complaint was a shotgun pleading where it named eight defendants in the caption, was 38 pages long and consisted of 39 paragraphs of facts, 128 paragraphs listing fourteen counts of allegations, and 55 pages of exhibits attached, and it repeated and incorporated by reference the allegations and facts set forth in the complaint into each count).

Second, aside from Plaintiffs' incorporation of all factual allegations into each succeeding count, Plaintiffs improperly assert multiple claims against multiple defendants without sufficient specificity as to who is responsible for what acts. Throughout the Complaint, Plaintiffs make allegations about "Defendants," without specifying to which defendant the allegation is directed. Setting aside the Rule 9(b) issues discussed above, the Eleventh Circuit has found such conflating of defendants to be characteristic of an impermissible shotgun pleading. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (condemning as a shotgun pleading a plaintiff's complaint that was "replete with allegations that 'the defendants' engaged in certain conduct" and made "no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of").

Last, the Complaint constitutes a shotgun pleading because it overflows with alleged facts that are repetitive, immaterial, vague, inflammatory, and conclusory, effectively depriving Defendant of notice of the claims asserted against him. The Complaint includes immaterial and irrelevant facts not connected to any particular claim. The Complaint is riddled with allegations for which Plaintiffs fail to provide a timeframe with any specificity. Plaintiffs' counts are almost devoid of the dates on which the Defendant's alleged actions took place or what specific acts were taken by the Defendant giving rise to the claim. This lack of specificity makes it impossible for the Defendant to form a responsive pleading.

Because Plaintiffs' Complaint is a quintessential shotgun pleading so vague and ambiguous these Defendants cannot reasonably prepare a response, Plaintiffs should have to provide a more definite statement if Plaintiffs' claims are not dismissed.

## IV.   <u>CONCLUSION</u>

These Defendants respectfully ask this Court to dismiss Plaintiffs' Complaint in its entirety. Should the Court determine Plaintiffs' Complaint should not be dismissed, these Defendants move this Court to enter an order requiring

Plaintiffs to provide a more definite statement of their remaining claims.

Respectfully submitted, this 1st day of April, 2024.

/S/ Christopher P. Berney
Christopher P. Berney
Georgia Bar No. 054899
Attorney for Defendant
Yoel A. Hernandez - Rodriguez, MD

**The Berney Law Firm**
934 Glenwood Avenue SE, Ste 110
Atlanta, Georgia 30316
(404) 881-6010
cberney@cpblegal.com

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JULIA M. ROBINSON | ) | |
| AND KENDALL J. HALL | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| V. | ) | 1:23-CV-05655 |
| | ) | |
| THE UNITED STATES OF AMERICA | ) | |
| WILLIAM J. BURNS | ) | |
| MONICA BERTAGNOLLI | ) | |
| XAVIER BECERRA | ) | |
| PETE BUTTIGIEG | ) | |
| LLOYD AUSTIN | ) | |
| CHRISTOPHER A. WRAY | ) | |
| GENERAL PAUL M. NAKASONE | ) | |
| MERRICK GARLAND | ) | |
| DR. ROBERT CALIFF | ) | |
| ALEJANDRO MAYORKAS | ) | |
| T-MOBILE INC. | ) | |
| AT&T INC. | ) | |
| MOJIO INC. CANADA | ) | |
| MOJIO INC. UNITED STATES | ) | |
| MOJIO INC. BULGARIA | ) | |
| APPLE INC. | ) | |
| ENTERPRISE RENT-A-CAR INC. | ) | |
| ENTERPRISE RENT-A-CAR INC. | ) | |
| T-MOBILE INC. | ) | |
| AUDI INC. | ) | |
| AUDI INC. | ) | |
| MEMORIAL HOSPITAL | ) | |
| MEMORIAL HOSPITAL | ) | |
| FLORIDA ATLANTIC UNIVERSITY (FAU) | ) | |
| DR. BRITTNEY MASON-HIRNER | ) | |

MD MARIANA DANET                                   )
MD YOEL A HERNANDEZ-RODRIGUEZ                      )
AMGEN INC.                                         )
BLACKROCK INC.                                     )
JOHN DOES                                          )
JANE DOES                                          )
                                                   )
        Defendants.                                )
_____

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that the foregoing has been prepared in accordance with Local Rule 5.1(C), using Times New Roman, 14-point font. I further certify I have electronically filed on the date stated below, the foregoing MOTION TO DISMISS PLAINTIFF'S COMPLAINT FED. R. CIV. PROC. 12(b)(6) OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT UNDER FED. R. CIV. PROC. 12(e) AND BRIEF IN SUPPORT THEREOF with opposing counsel via email to the following addresses.

Julia M. Robinson
2451 Cumberland Parkway SE
Suite 3320
Atlanta, GA 30339
424-313-4070

Kendall J. Hall
2451 Cumberland Parkway SE
Suite 3320
Atlanta, GA 30339
424-313-4070

Christopher Sutter
Florida Attorney General's Office
110 S.E. 6th Street
Ste 10th Floor

Fort Lauderdale, FL 33301
954-712-4733
christopher.sutter@myfloridalegal.com
Attorney for Defendant
Florida Atlantic University (FAU)

Roger A. Chalmers
Georgia Department of Law
Office of the Attorney General
40 Capitol Square, S.W.
Atlanta, GA 30334-1300
404-458-3220
Fax: 404-651-5304
rchalmers@law.ga.gov
Attorney for Defendant
Florida Atlantic University (FAU)

Amy Michelle Hoffman
Lavender Hoffman Emery, LLC
750 Hammond Drive
Building 2, Suite 200
Atlanta, GA 30328
404-480-5244
Fax: 404-480-5244
Email: ahoffman@lhefirm.com
Attorney for Defendant
MD Mariana Danet

The United States of America
950 Pennsylvania Avenue NW
Washington, DC 20530

William J. Burns
950 Pennsylvania Avenue NW
Washington, DC 20530

Monica Bertagnolli
950 Pennsylvania Avenue NW
Washington, DC 20530

Xavier Becerra
950 Pennsylvania Avenue NW
Washington, DC 20530

Pete Buttigieg
950 Pennsylvania Avenue NW
Washington, DC 20530

Lloyd Austin
950 Pennsylvania Avenue NW
Washington, DC 20530

Christopher A. Wray
950 Pennsylvania Avenue NW
Washington, DC 20530

General Paul M. Nakasone
950 Pennsylvania Avenue NW
Washington, DC 20530

Merrick Garland
950 Pennsylvania Avenue NW
Washington, DC 20530

Dr. Robert Califf
950 Pennsylvania Avenue NW
Washington, DC 20530

Alejandro Mayorkas
950 Pennsylvania Avenue NW
Washington, DC 20530

T-Mobile Inc.
PO Box 37380
Albuquerque, NM 87176-7380

AT&T Inc.
208 S. Akard St.
Dallas, Texas 75202

Mojio Inc. Canada
808 W Hastings Street #1100
Vancouver, BC V6C 2X4

Mojio Inc. United States
300 Orchard City. Drive #100,
Campbell, CA 95008

Mojio Inc. Bulgaria
10 Tsar Osvoboditel Blvd, 1000
Sofia, 12356 6547

Apple Inc.
One Apple Park Way
Cupertino, CA 95014

Enterprise Rent-A-Car Inc./Enterprise Holdings Inc.
600 Corporate Park Dr.
St. Louis, Missouri 63105

Enterprise Rent-A-Car Inc./ Enterprise Holdings Inc.
600 Corporate Park Dr.
Clayton, MO 63105

Audi Inc.
Ettinger Strass 70, Ingolstadt,
Bayern, Germany 85057

Audi Inc.
2200 Ferdinand Porsche Drive,
Herndon, VA 20171

T-Mobile Inc. /Deutsche Telekom AG Inc.
Friedrich-Ebert-Allee 140
53113 Bonn, Germany
Bonn District Court HRB 6794

Memorial Hospital
Miramar/Memorial Health Care System Inc./Memorial HealthCare System
1901 SW 172 Avenue

Miramar, FL 33029

Memorial Hospital
Miramar/Memorial HealthCare System Inc./Memorial HealthCare System
2900 Corporate Way
Miramar, FL 33025

Florida Atlantic University (FAU)
777 Glades Road
Boca Raton, FL 33431

Dr. Brittney Mason-Hirner
1510 RiverPlace Boulevard
Jacksonville, Florida 32207

MD Mariana Danet,
12515 Orange Dr. STE 802
Davie, FL 33330

Amgen Inc.
One Amgen Center Drive
Thousand Oaks, CA 91320-1799

BlackRock Inc.
50 Hudson Yards,
New York, NY 10001

Respectfully submitted, this 1st day of April, 2024.

/S/ Christopher P. Berney
Christopher P. Berney
Georgia Bar No. 054899
Attorney for Defendant
Yoel A. Hernandez-Rodriguez, MD

*The Berney Law Firm*
934 Glenwood Avenue SE, Ste 110
Atlanta, Georgia 30316
(404) 881-6010
cberney@cpblegal.com