IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JULIA M. ROBINSON, *et al.*,    ]
                           ]
       Plaintiff,         ]
                           ]
v.                       ]     Case No.: 1:23–cv–05655–MHC
                           ]
THE UNITED STATES OF    }
AMERICA, *et al.*,          ]
                           ]
       Defendants.    ]

---

**DEFENDANT AMGEN INC.'S MOTION TO DISMISS
AND SUPPORTING MEMORANDUM**

---

This action is Plaintiff Julia M. Robinson's fourth complaint before this Court against the United States,[1] various governmental entities, and a shifting collection of private entities. Each of those previous complaints was dismissed by the Court based on a failure to state a cognizable legal claim and procedural deficiencies. Amgen Inc. is now before the Court in this fourth complaint in name only—there is literally not one substantive allegation against Amgen.

---

[1] *See Robinson v. United States of America et al.*, 1:22-cv-03080-MHC (dismissed on Apr. 13, 2023); *Robinson v. United States of America et al.*, 1:23-cv-00043-MHC (dismissed on June 12, 2023); *Robinson v. United States of America et al.*, 1:23-cv-01161-MHC (dismissed on Sept. 7, 2023).

The current complaint is approximately 150 single-spaced pages in length, containing over 88,000 words. Because of the confusing, repetitive, and unstructured nature of Plaintiffs' allegations, it is nearly impossible to understand exactly what Plaintiffs are alleging or against whom. Regardless, there is no need to parse through Plaintiffs' convoluted allegations to determine if dismissal is appropriate as to Amgen because Amgen is never mentioned in the body of the complaint. The complaint is substantively and procedurally deficient as to Amgen and should be dismissed.

## ARGUMENT AND CITATION OF AUTHORITY

I.   *The Complaint Fails to State a Claim Upon Which Relief May Be Granted.*

Under Federal Rule of Civil Procedure 12(b)(6), a claim will be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible *on its face*." *Bell Atl. Corp. v. Twomblv*, 550 U.S. 544, 570 (2007) (emphasis added). The complaint should be dismissed because it is an impermissible shotgun pleading that fails to state a claim against private entity Amgen, much less even name Amgen in the substantive allegations of the complaint.

*A.  Plaintiffs' Impermissible Shotgun Complaint Violates the Federal Rules.*

Plaintiffs' complaint must be dismissed for failure to comply with Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The statement must "give the defendant fair notice of what the . . . claim is and the ground upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

A shotgun pleading does not separately list any cause of action and is "replete with factual allegations and rambling legal conclusions." *Osahar v. US. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citing *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295–96 (11th Cir. 2002)). Because a shotgun complaint violates the short and plain statement requirements of the Federal Rules and taxes the resources of the judiciary, the Eleventh Circuit "has established that shotgun pleading is an unacceptable form of establishing a claim for relief." *Graham v. Mortg. Elec. Registration Svs.*, Inc., No. 2:11-CV-00253-RWS, 2012 WL 527665, at *1 (N.D. Ga. Feb. 17, 2012) (citing *Strategic Income Fund*, 305 F.3d at 1296). Although courts construe claims brought pro se liberally, "pro se complaints also must comply with the procedural rules that govern pleadings." *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005).

Plaintiffs' complaint is a textbook impermissible shotgun pleading. No counts or causes of action against individual parties are delineated. It is impossible to read the complaint and determine why Plaintiffs are entitled to relief against any party, let alone Amgen specifically. The complaint does not give Amgen the fair notice of what is (or isn't) alleged against it. Plaintiffs' shotgun pleading should be dismissed.

    B.  *42 U.S.C. § 1983 and* Bivens *Claims Cannot Be Brought Against a Private Actor Like Amgen.*

The complaint was ostensibly brought pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) for apparent violations of Plaintiffs' First, Fourth, Fifth, Sixth, and Eighth Amendment rights. Amgen is a non-governmental entity. Because Amgen is not a state actor, nor has Amgen been alleged to have acted with state authority, these claims fail against Amgen as a matter of law.

While 42 U.S.C. § 1983 creates no substantive rights, it does provide a vehicle to seek redress when federally protected rights have been violated by an individual acting under color of state law. *See Baker v. McCollan*, 443 U.S. 137, 140, 144 n.3 (1979); *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). "The purpose of § 1983 is to deter *state actors* from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (emphasis added).

A claim for relief under § 1983 must satisfy two elements: (1) an act or omission deprived plaintiff of a right, privilege, or immunity secured by the Constitution of the United States, and (2) the act or omission was committed by a state actor or a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). A *Bivens* claim is similar but requires the act or omission to be done under federal law. *See Hernandez v. Mesa*, 140 S. Ct. 735, 747 (2020) ("We have described Bivens as a 'more limited' 'federal analog' to § 1983.").

While a pro se plaintiff is generally "given at least one chance to amend the complaint before the district court dismisses the action with prejudice", *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018), no opportunity to amend is warranted "if a more carefully drafted complaint could not state a claim." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019). *See also Robinson v. United States of America et al.*, 1:23-cv-00043-MHC at 16–17.

Plaintiffs did not allege or support either required element against Amgen under state or federal law. By failing to allege a single specific act or omission committed by Amgen, or any reason why Amgen could have acted under state authority, the complaint fails to state a claim upon which relief may be granted. No set of facts exists under which Plaintiff could plausibly satisfy the elements of the

claims brought in Plaintiffs' complaint. Plaintiffs' complaint must therefore be dismissed with prejudice as to Amgen.

II.    *Plaintiff Robinson Lacks Standing to Bring the Complaint Against Amgen Because There is No Controversy Between Them and She Cannot Represent Her Co-Plaintiff Pro Se.*

   A.  *There is no controversy between Amgen and Plaintiff Robinson.*

The complaint lacks standing as to Amgen because it does not allege a controversy as to Amgen to satisfy Article III of the United States Constitution.[2] "The Article III case or controversy requirement sets fundamental limits on the federal judiciary's power in our society. . . . One of the most important of these constitutionally-based limits is the requirement that a litigant have 'standing' to invoke the power of a federal court." *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999). "Standing for Article III purposes requires a

---

[2] Plaintiffs additionally bear the initial burden of demonstrating, with more than vague and conclusory allegations, sufficient facts to establish a prima facie case of personal jurisdiction over Amgen. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013); *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006). Plaintiffs have made no jurisdictional allegations against Amgen at all. Dismissal on personal jurisdictional grounds is thus additionally warranted. *Cambridge Educ. Ctr. v. Oh*, No. 1:11-CV-3434-TWT, 2012 WL 162171, at *2 (N.D. Ga. Jan. 18, 2012) (dismissing for failure to allege facts sufficient to meet the long-arm statute); *Rowe v. Gary, Williams, Parteni, Watson & Gary, P.L.L.C.*, 723 F. App'x 871, 875–76 (11th Cir. 2018) (affirming dismissal for failure to provide factual support for either general or specific jurisdiction).

plaintiff to provide evidence of an injury in fact, causation and redressability."

*Dermer v. Miami-Dade Cty.*, 599 F.3d 1217, 1220 (11th Cir. 2010).

Amgen is not mentioned once in the body of the complaint. Therefore, Plaintiff Robinson has done nothing to allege the essential elements of Article III standing. Without standing, Plaintiffs' claim must be dismissed.

### B. As a pro se litigant, Plaintiff Robinson lacks standing to raise claims on behalf of a co-plaintiff.

Individuals in federal court "may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. The right to appear pro se does not extend to non-attorney parties representing the interests of others. *See Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997); *Grappell v. Carvalho*, 847 Fed. Appx. 698, 701 (11th Cir. 2021).

Ms. Robinson is a non-attorney proceeding *pro se*. The complaint does not identify co-plaintiff Kendall J. Hall or their alleged claims and causes of action. Regardless of Kendall Hall's identity, Ms. Robinson is not able make claims on their behalf. Claims asserted by Ms. Robinson for co-plaintiff Hall should be dismissed.

## <u>CONCLUSION</u>

Because no claim has been brought against Amgen upon which relief may be granted, the Plaintiffs lack standing, and the Plaintiffs have not alleged factual

grounds for personal jurisdiction, the Court should dismiss the complaint against Amgen with prejudice.

This 12th day of April, 2024.

**MILLER & MARTIN PLLC**

By: */s/ Eileen H. Rumfelt*
      Eileen H. Rumfelt
      Georgia Bar No. 040608
      Clayton A. Smith
      Georgia Bar No. 196303

1180 West Peachtree Street NW
Suite 2100
Atlanta, Georgia 30309-3407
(404) 962-6100 (Telephone)
(404) 962-6300 (Facsimile)
eileen.rumfelt@millermartin.com
clayton.smith@millermartin.com

*Attorneys for Amgen Inc.*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I certify that this submission complies with the page and word requirements in Local Rule 5.1 because it is less than 25 pages and prepared with 14-point Times New Roman font.

*/s/ Eileen H. Rumfelt*
Eileen H. Rumfelt

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 12, 2024, I submitted this filing via the Court's

CM/ECF system, which will serve an electronic copy on all counsel of record, and

that I mailed a copy to the Plaintiffs at the following address:

Julia M. Robinson
Kendall J. Hall
2451 Cumberland Parkway SE
Suite 3320
Atlanta, GA 30339

*/s/ Eileen H. Rumfelt*
Eileen H. Rumfelt
