## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JULIA M. ROBINSON & KENDALL J. HALL, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, *et. al*, <br><br> Defendants. | Case No. <br> 1:23-CV-5655-MHC |

## DEFENDANT APPLE INC.'S
## MOTION TO DISMISS

Defendant Apple Inc. ("Apple") moves to dismiss Plaintiffs' incomprehensible, 150-page, single-spaced Complaint [Dkt. 3] under Rule 12(b)(6) because (1) it fails to plausibly state any claim against Apple, (2) it is an impermissible shotgun pleading, and (3) it is accompanied by a false waiver of service form that Apple never executed. Given the fantastical nature of Plaintiffs' allegations and Plaintiff Robinson's prior dismissal from this same Court for a similarly incomprehensible Complaint, it is futile for Plaintiffs to amend, and the Court should dismiss this case with prejudice.

In the alternative, Apple moves under Rule 12(e) for a more definite statement and moves to strike the false waiver of service.

1

## ARGUMENT

### 1.   The Complaint Fails to State a Plausible Claim Against Apple

The federal rules require that a complaint present a "short and plain statement" of the facts supporting a claim. *See* Fed. R. Civ. P. 8. The allegations must moreover "state a claim for relief that is plausible—and not merely possible—on its face." *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017) (citing *Twombly & Iqbal*). And "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).

The Court should dismiss because the Plaintiffs ignored these fundamental pleading rules entirely. The Complaint is long and incomprehensible. Across its 150 or so single-spaced pages, it includes allegations of "war crimes," "slavery," "human trafficking," "radiation military weapons testing," and "demonic entities." *See, e.g.*, Dkt. 3 ¶¶ 14, 16, 18. Yet despite its incredible length, the Complaint mentions Apple just seven times. *See* Dkt. 3 ¶¶ 16, 17, 18, 38, 53, 55, 56. More importantly, none of these mentions amount to well-pled or plausible allegations that Apple committed any legally cognizable act against Plaintiffs, whether that be spying on her, experimenting with radiation, or preventing her from documenting the birth of her child. The Court can thus easily dismiss this Complaint as to Apple under *Twombly* and *Almanza*.

## 2. The Complaint is a Shotgun Pleading

Beyond that, the Complaint does not allow Apple to meaningfully respond. It scatters wild allegations against 30 defendants that include government agencies, technology companies, a Florida hospital, an OB-GYN there, and John and Jane Does. It appears to raise constitutional causes of action, although these are difficult to discern. Underneath it all, the Complaint seems to center on the birth of Plaintiff Robinson's child at a Florida hospital. But even there, basic questions of who, what, when, where, and how remain indecipherable, making it impossible to raise the appropriate defenses, including regarding standing or proper venue.

In that way, it is a textbook shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) ("The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."). Apple of course denies any wrongdoing. But, faced with such scattershot allegations, Apple cannot meaningfully answer. Dismissal of this shotgun pleading is therefore appropriate.

## 3. Plaintiffs Filed a False Waiver of Service

Plaintiffs' misconduct here extends beyond the Complaint. Plaintiffs also filed a false waiver of service purportedly executed by Apple on December 7,

3

2023. Dkt. 9-1. Just as with another objecting Defendant, *see* Dkt. 20, no Apple representative received or executed any waiver of service. (Apple was separately served with the Complaint and Summons on March 19, 2024.)

Instead, all signs indicate that Plaintiff Robinson herself fraudulently signed Apple's purported waiver. The signature that appears for Apple is the same as what appears on the purported waivers for Defendants Secretary Alejandro Mayorkas, *see* Dkt. 9, and AT&T, *see* Dkt 9-2, for example. And it is the same as Ms. Robinson's own signature, which appears on the Complaint, among other places. *See* Dkt. 3 at 6. Falsely signing and filing the waiver on Apple's behalf is a fraud on the Court, which separately warrants dismissal. *See Stonecreek - AAA, LLC v. Wells Fargo Bank N.A.*, No. 1:12-CV-23850, 2014 WL 12514900, at *1 (S.D. Fla. May 13, 2014) (dismissing under inherent power for fraud on the court).

4. **The Court Should Dismiss with Prejudice Because Amendment Would be Futile**

The Court should dismiss with prejudice because further amendment would be futile. The scant allegations against Apple are so undeveloped and far-fetched that nothing suggests that the Plaintiffs could successfully amend. Moreover, as this Court well knows, this is not the first time that Plaintiff Robinson has used the federal court to levy outrageous allegations. In *Robinson v. Choice Hotels*, this Court dismissed her claims that were "impossible to

4

discern" in a Complaint that was "difficult to follow." No. 1:22-cv-03080-MHC, Dkt. 28 at 2–3. The Court concluded that Ms. Robinson's 34-page, single-spaced Complaint amounted to a "shotgun pleading." *Id.* at 3 n.3. This time, her filing is more than four times longer but is just as "impossible to discern."

Given the fantastical nature of the Complaint, Plaintiffs' misconduct in the litigation, and Plaintiff Robinson's history of improper filings, the Court should dismiss the Complaint with prejudice. *See, e.g., Barnes v. AstraZeneca Pharms. LP*, 253 F. Supp. 3d 1168, 1172, 1175 (N.D. Ga. 2017) (dismissing when "Plaintiff has presumably tried and failed to fix her pleadings" and "[t]he only reasonable conclusion for this Court to draw from this manner of pleading is that Plaintiff does not know who or what she is in fact suing.").

But if, despite these repeated failures, the Court declines to dismiss the Complaint with prejudice, Apple moves in the alternative under Rule 12(e) for a more definite statement of the allegations in the Complaint. *See, e.g., Woody v. Cottages on Mountain Creek, LLC*, No. 1:22-CV-2047-MHC, 2022 WL 19928916, at *3 (N.D. Ga. Oct. 21, 2022). Apple also moves in the alternative for the Court to strike the false waiver of service that Plaintiffs filed purportedly on behalf of Apple.

## CONCLUSION

The Court should grant Apple's motion to dismiss this facially improper Complaint with prejudice and end this frivolous lawsuit without a further

5

waste of party and judicial resources. In the alternative, the Court should grant Apple's motion for a more definite statement and grant Apple's motion to strike the falsely filed waiver of service.

Respectfully submitted, this 8th day of April, 2024.

/s/ *Fredric J. Bold*
Fredric J. Bold
Georgia Bar No. 544604
E. Allen Page
Georgia Bar No. 640163
**BONDURANT, MIXSON & ELMORE, LLP**
1201 W Peachtree St NW
Suite 3900
Atlanta, GA 30309
Tel: 404-881-4100
bold@bmelaw.com
page@bmelaw.com

## Certificate of Compliance

Pursuant to Local Rule 7.1(D), I certify that this submission complies with the page and word requirements in Local Rule 5.1 because it is less than 25 pages and prepared with size 13 Century Schoolbook font.

*/s/ Fredric J. Bold*
Fredric J. Bold

## Certificate of Service

I certify that on April 8, 2024, I submitted this filing via the Court's CM/ECF system, which will serve an electronic copy on all counsel of record, and that I mailed a copy to the Plaintiffs at the following address:

> Julia M. Robinson
> Kendall J. Hall
> 2451 Cumberland Pkwy SE
> Suite 3320
> Atlanta, GA 30339
> 424-313-4070

/s/ *Fredric J. Bold*
Fredric J. Bold



**UNITED STATES POSTAL SERVICE®** | **PRIORITY® MAIL**

FROM: Julia M Robinson
2451 Cumberland Pkwy SE
Suite 3320
Atlanta Cobb GA 30339

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

TO: Judge Cohen
File Room
Richard B. Russell Federal
Building & United States Courthouse
2211 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP

**TRACKED ■ INSURED**





PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2



**UNITED STATES POSTAL SERVICE®** | **PRIORITY® MAIL**

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

**TRACKED ■ INSURED**


PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

CLEARED DATE
MAY 03 2024
U.S. Marshals Service
Atlanta, GA 30303



US POSTAGE IMI  860640429212520  2000392347
$9.85
SSK
PM
04/29/24   Mailed from 30304   028W2311536

**PRIORITY MAIL®**

JULIA M ROBINSON
JULIA M ROBINSON                    4.30 oz
2451 CUMBERLAND PKWY SE
ATLANTA GA 30339                    RDC 03

EXPECTED DELIVERY DAY: 05/02/24

SHIP TO:
JUDGE COHEN
JUDGE COHEN
75 TED TURNER DRIVE SW
ATLANTA GA 30303

**USPS TRACKING® NUMBER**

9505 5065 9651 4120 9884 97

ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 20 lbs.