IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| JULIA M. ROBINSON and KENDALL J. HALL,  Plaintiffs,  v.  THE UNITED STATES OF AMERICA et al.,  Defendants. | CIVIL ACTION FILE  NO. 1:23-CV-5655-MHC |

**ORDER**

On May 28, 2024, this Court found that Plaintiffs' Complaint [Doc. 3] was a shotgun pleading subject to dismissal, presenting "the precise problems the Eleventh Circuit has identified as being characteristic of shotgun pleadings; it "is in no sense the 'short and plain statement of the claim' required by Rule 8 of the Federal Rules of Civil Procedure."  May 28, 2024, Order ("May 28 Order") [Doc. 80] at 21 (quoting Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) (citation omitted)).[1]  Nevertheless, recognizing Plaintiffs' pro se status, instead of

---

[1] The Court's May 28 Order contains an extensive discussion of the allegations Plaintiff has made in this case, which this Court adopts herein by reference. Id. at 2-13.  The Court also noted that the present lawsuit is substantially similar to three other lawsuits Plaintiffs, or Robinson on her own, filed in 2022 and 2023

dismissing the Complaint, the Court afforded Plaintiffs an opportunity to amend the Complaint to address the flaws identified by the Court. Id. at 22-25.

Plaintiffs subsequently filed four documents, two of which appear to be amended complaints and were docketed as such [Docs. 82 and 84]. The other two filings appear to be motions for temporary restraining orders, entitled "Notice of Submission of Documents/Exhibits / Evidence for This Entire Case and for TRO/Temporary Retraining [sic] Order/ Protection Order/ Preliminary Injunction/ and Notice of Hearing ("Pls.' Second Mot. for TRO") [Doc. 81], and "Verified Emergency Motion/Verified Emergency Filing/ Verified TRO Temporary Retraining Order/Verified Retraining Order/Verified Stay Away Order /Verified Preliminary Injunction/Verified Permanent Retraining Order /Injunction" ("Pls.' Third Mot. for TRO") [Doc. 83]. The Court will address the motions for temporary restraining orders and then turn to the amended complaints to determine if they complied with this Court's May 28 Order.

---

(collectively, the "previous lawsuits"), all of which have been dismissed: Robinson v. Choice Hotels Int'l Serv. Corp. Serv. Co., No. 1:22-CV-3080-MHC, 2023 WL 3627861 (N.D. Ga. Apr. 13, 2023), aff'd sub nom., Robinson v. City of Hollywood Police Dep't, No. 23-11733, 2024 WL 983926 (11th Cir. Mar. 7, 2024); Robinson v. The United States of America, et al., No. 1:23-CV-43-MHC (N.D. Ga. Jan. 4, 2023); Robinson v. United States, No. 1:23-CV-1161-MHC, 2023 WL 8351618, at *2 (N.D. Ga. Sept. 7, 2023). May 28 Order at 2-3, 13.

## I. MOTIONS FOR TEMPORARY RESTRAINING ORDER

### A. Legal Standard

In order to obtain a temporary restraining order or preliminary injunction, a plaintiff must demonstrate: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the injunction is not granted; (3) that the threatened injury to the plaintiff absent an injunction outweighs the damage to the defendant if an injunction is granted; and (4) that granting the injunction would not be adverse to the public interest. Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003); Morgan Stanley BW, Inc. v. Frisby, 163 F. Supp. 2d 1371, 1374 (N.D. Ga. 2001). A temporary restraining order is "an extraordinary and drastic remedy" and should be granted only when the movant clearly carries the burden of persuasion as to each of the four prerequisites. Four Seasons, 320 F.3d at 1210.

To the extent Plaintiffs are seeking *ex parte* injunctive relief, a court may issue a temporary restraining order without notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1).  "The stringent restrictions imposed by [Rule 65] on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameida Cnty., 415 U.S. 423, 438-39 (1974).  To the extent they are entered, *ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Id. at 439.

**B.    Discussion**

Plaintiffs' Second Motion for TRO asserts in conclusory fashion and in general terms that their case is meritorious but fails to identify any legal cause of action.  See Second Motion for TRO.  In salient part, the motion provides as follows:

> The Plaintiff isn't going to allow NO ONE to take over her case.  The Plaintiff will continue to represent herself and her daughter in this case.  The Plaintiff will also keeping [sic] showing The American public everything through her motions she files to show how this court is and has been cheating for The Defendants by allowing The Defendants to assault The Plaintiffs through poisonings throughout their residence through the air and water gauging [sic] it under illegal research to help their evil friends so called professionals make money in the state of Florida and Georgia which still violates The Plaintiffs['] Constitutional

4

> Rights.  The Plaintiffs ha[ve] shown this court through their evidence that they don't and never did qualify for no research to be performed and how it is still being done and This court and The United States Of America and this court is ALLOWING THE BLACK AFRICAN AMERICA PLAINTIFFS TO BE ATTACKED THROUGH ILLEGAL RESEARCH.

Id. at 1.  Plaintiffs support the motion with a statement from Julia Robinson that purports to explain the factual circumstances surrounding a June 26, 2019, arrest of Kristian Hall (the father of Plaintiff Kendall Hall).  Id. at 2-6.  However, Plaintiffs fail to explain how the circumstances detailed in Robinson's statement relate to Plaintiffs' case, or any cause of action asserted therein.

Plaintiffs' Second Motion for TRO is without merit.  Plaintiffs fail to demonstrate any of the four prerequisites to obtaining a TRO.  Most significantly, Plaintiffs have not argued or demonstrated that they are substantially likely to succeed on the merits of any valid legal claim.  It is not clear what claim(s) they contend entitle them to the "extraordinary and drastic" relief of a TRO.  Four Seasons, 320 F.3d at 1210.  Nor have Plaintiffs explained what injunctive relief they are seeking, or the irreparable injury they will suffer if an injunction is not granted.  Additionally, the Court notes that numerous named Defendants do not appear to have been served with process in this case.  To the extent Plaintiffs are seeking *ex parte* relief from those Defendants, Plaintiffs have not argued, let alone "clearly" demonstrated, circumstances such that "immediate and irreparable injury,

loss, or damage will result to [Plaintiffs] before [Defendants] can be heard in opposition." FED. R. CIV. P. 65(b)(1).  Additionally, Plaintiffs do not argue (let alone show) a sufficient reason for not affording those Defendants notice of the motion and an opportunity to respond.  Accordingly, Plaintiffs' Second Motion for TRO is **DENIED**.

Plaintiffs' Third Motion for TRO fares no better.  The motion is 448 pages in length, single-spaced, and contains verbatim repetitions of sections from Plaintiffs' initial Motion for TRO, the original Complaint, and from the complaints filed in the previous lawsuits.  See Pls.' Third Mot. for TRO.  As with the original Complaint and the initial Motion for TRO, Plaintiffs' Third Motion for TRO consists of disjointed allegations that appear to be related to some conspiracy to harm Plaintiffs and their family, interspersed with cut-and-pasted legal citations and definitions that do not appear to have any cohesion or relevance to the motion for preliminary injunctive relief.  Id.  Contrary to Plaintiffs' conclusory assertions, it is not clear what relief Plaintiffs are seeking in their Third Motion for TRO.  Id. at 115, 236 ("The Plaintiff was absolutely right after all, The Defendants arrogantly conspired and actually executed all crimes The Plaintiff is seeking relief for.  It's blatantly clear that All of The Defendants are all guilty of what The Plaintiff is seeking relief for.").

While it is unclear what injunctive relief Plaintiffs are seeking, it is clear that their Third Motion for TRO fails as a matter of a law. See Watson v. Broward Cnty. Sheriff's Off., 808 F. App'x 891, 894 (11th Cir. 2020) (affirming district court's dismissal of the plaintiff's complaint as "baseless" because the plaintiff "offered only conclusory statements regarding 'fanciful,' 'fantastic,' and 'delusional' scenarios wherein the judges, state attorneys, public defenders, and law enforcement of Broward County and Miami-Dade County conspired to arrest and prosecute him based on fabricated charges"). Plaintiffs have not argued or demonstrated that they are substantially likely to succeed on the merits of any valid legal claim. Nor have they explained what injunctive relief they are seeking, or that they will suffer irreparable injury if an injunction is not granted. Additionally, to the extent they are seeking *ex parte* relief under Federal Rule of Civil Procedure 65(b), Plaintiffs have not demonstrated specific facts that clearly show that immediate and irreparable injury will result before Defendants can be heard in opposition. Additionally, Plaintiffs do not argue (let alone show) a sufficient reason for not affording Defendants notice of the motion and an opportunity to respond. Accordingly, Plaintiffs' Third Motion for TRO is **DENIED**.

## II.     AMENDED COMPLAINTS

### A.    Initial Complaint

This Court's May 28, 2024, Order found that Plaintiffs' initial Complaint was subject to dismissal as a shotgun pleading.[2] May 28 Order at 18-24. The Court noted that the original Complaint did separately list any cause of action or claim for relief, making it impossible for the Court and Defendants to ascertain what claims Plaintiffs are asserting in this case. Id. at 21. Instead of separately listing any cause of action, the Complaint included the following list of federal criminal and civil statutes as well as state law causes of action:

> 28 U.S.C. Part VI, Chapter 171 and 28 U.S.C. § 1346, Civil Rights Lawsuit: Text of Section 1983, Personal Injury (Sec . 95 . 11 (3) (a) & (o)., Claims Agai nst State & Local Governments (Sec . 768 . 28(6)., No Cap On Pain and Suffering (Sec. 768.28(5)., 768 . 73 Punitive Damages, 18 U.S. Code§ 1964 Civil Remedies, Civil Rights Act Of 1964, Official Misconduct under Florida Statute 838 . 022, Statute § 838 . 014(4), Florida Statute § 838 . 014(5), 768 . 31 Contribution

---

[2] As explained in Weiland v. Palm Beach County Sheriff's Office, the term "shotgun pleading" refers to pleadings "calculated to confuse the 'enemy,' and the court, so that theories for relief not provided by law and which can prejudice an opponent's case can be masked[.]" 792 F.3d 1313, 1320-23 (11th Cir. 2015) (identifying four types of shotgun pleadings: pleadings that (1) contain multiple counts where each count adopts the allegations of all preceding counts; (2) are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) do not separate each cause of action or claim for relief into separate counts; and (4) assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions).

8

>Among Tortfeasors, Florida Statute 768.0755, 18 U.S. Code § 2261A-Stalking, U.S. Code§ 2332a - Use of weapons of mass destruction, Title 18, U.S.C., Section 241 Conspiracy Against Rights, Title 18, U.S.C., Section 242 Deprivation of Rights Under Color of Law, 784.011 Assault, 18 U.S. Code § 1505 - Obstruction of proceedings before departments, agencies, and committees, 42 U.S. Code § 3617 - Interference, coercion, or intimidation, 18 U.S. Code§ 1512 - Tampering with a witness, victim, or an informant, Obstruction of Justice: Witness Tampering (18 U.S.C. §§ 1512, 1503), 18 U.S. Code§ 2441 - War crimes: intentional attacks against civilians; torture; unlawful confinement; 18 U.S. Code § 1038.
>
>False information and hoaxes, Medical Battery, Assault, Battery, Negligence, Fraudulent Concealment, The State Created Danger, Racial Discrimination, Retaliatory Discrimination, Religious Discrimination, Theft, Attempted Murder, Attempted Kidnappings, Attempted assassinations, Human Trafficking/Involuntary Servitude/Slavery, Future Medical Expenses, Household Services ( In Home Services), Loss of Consortium, Loss of Enjoyment of Life , Loss of Society and Companionship , Lost Wages, Medical Expenses, Mental Anguish, Pain and Suffering, Special Damages, Lost Some Earning Capacity, Disfigurement, Loss of Affection, Intentional Tort, Invasion of Privacy, Intentional Infliction of Emotional Distress, Slander, Libel, Defamation, Personal Property Damage, Breach of Duty too [sic] use Caution and Care, Constitutional torts, Conspiracy, Invasion of Privacy, and Other Charges.

Id. at 4-5 (quoting Compl. at 2, 143, and noting that the identical list of statutes and causes of action was included in all of the previous lawsuits).

In addition to failing to separately list any valid cause of action, the Court found that the factual basis of Plaintiffs' lawsuit was unclear:

>Far from "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief," see FED R. CIV. P. 8(a), Plaintiff[s have]

9

> submitted a long and disjointed screed of alleged factual assertions intermixed with cut-and-pasted legal concepts that is difficult to follow.
>
> ***
>
> Plaintiff[s'] Complaint is comprised of disjointed factual allegations coupled with myriad cut-and-pasted legal citations that make little sense and leave the Court (and Defendants, as evidenced by the eleven motions to dismiss that have been filed, each arguing for dismissal of the Complaint as a shotgun pleading) guessing as to what claim(s) [they are] asserting and making it impossible to discern what factual allegations might support any claim. To the extent Plaintiff[s'] Complaint includes allegations against any particular Defendant, they are general and conclusory allegations including large amounts of superfluous information, "most of which [is] immaterial to most of the claims for relief." <u>Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.</u>, 162 F.3d 1290, 1333 (11th Cir. 1998).

<u>Id.</u> at 5, 21. Based on these fatal flaws, the Court directed Plaintiffs to file an amended complaint within twenty-one (21) days and explained that

> [a]ny amended complaint must comply with the following directions:
>
> (1)  address all the shortcomings noted in this Order;
>
> (2)  comply with the pleading requirements of the Federal Rules of Civil Procedure;
>
> (3)  include a factual background section setting forth in specific numbered paragraphs, non-conclusory factual allegations which directly pertain to his case, are not legal conclusions, and suggest support for the required elements of any claims asserted against the particular defendant;
>
> (4)  identify each of her legal causes of action against each defendant based on separate occurrences in separate counts of the amended complaint, each with its own

>> heading identifying it as a count, and including the specific legal authority under which she seeks relief; and
>
> (5) identify by reference which specific factual allegations and acts by the particular defendant that support each cause of action within each count of Plaintiff's amended complaint.

Id. at 24. The Order emphasized that the failure to file an amended complaint "**IN ACCORDANCE WITH THIS ORDER WILL RESULT IN DISMISSAL OF PLAINTIFF'S COMPLAINT**." Id. at 24-25.

### B. Plaintiffs' Amended Complaints

Plaintiffs filed two amended complaints on June 21, 2024. Am. Compl. [Doc. 82]; Am. Compl. [Doc. 84].[3] However, neither pleading complies with this Court's May 28 Order. The Amended Complaints are 454 and 605 pages in length, respectively, single-spaced, and contain verbatim cut-and-pasted sections from Plaintiffs' original Complaint and from the complaints filed in the previous

---

[3] Apart from being much longer, the two Amended Complaints are substantively the same as the original Complaint, consisting of the same cut-and-pasted repetitious passages. For example, all of the passages quoted in this Court's May 28 Order, are also included in the Amended Complaints, sometimes multiple times. Because they are substantively similar and present no meaningful difference in terms of the analysis of whether they comply with this Court's May 28 Order, the Court will refer to both of the documents collectively as the Amended Complaints.

11

lawsuits. The same issues identified with Plaintiffs' initial Complaint persist with the Amended Complaints.

As with the original Complaint, the Amended Complaints consist of fanciful, disjointed, conclusory, and largely incomprehensible allegations that appear to be related to the same conspiracy to harm Plaintiffs and their family that is the subject of her previous lawsuits. <u>Id.</u> The Amended Complaints also contain voluminous repetitive cut-and-pasted legal citations and definitions that have no apparent relevance to the case. <u>Id.</u> The Amended Complaints do not attempt to address the flaws noted in the May 28 Order and, instead, repeat them verbatim. Specifically, neither Amended Complaint contains a separate factual background section with numbered paragraphs including non-conclusory factual allegations. Nor do Plaintiffs identify or specifically enumerate any cause of action in separate counts in either pleading. Both of these flaws violate Federal Rules of Civil Procedure 8(a)(2) and 10(b). Because the alleged facts are incomprehensible and Plaintiffs fail to specifically enumerate any cause of action indicating which Defendant is associated with which particular conduct, it is impossible for the Court or Defendants to discern what they are being charged with.

Plaintiffs' Amended Complaints are characteristic of three types of shotgun pleadings that the Eleventh Circuit have found to be improper; they (1) are "guilty

of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (2) do "not separate[e] into a different count each cause of action or claim for relief," and (3) "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland, 792 F.3d at 1322. "The unifying characteristic of all types of shotgun pleadings," including Plaintiffs' Amended Complaints in this case, "is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Because Plaintiffs' Amended Complaints are shotgun pleadings in violation of Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure, they are subject to dismissal. See Barmapov v. Amuial, 986 F.3d 1321, 1325 (11th Cir. 2021) (affirming the dismissal of a shotgun pleading that was replete with conclusory, vague, and immaterial allegations, was a "a rambling, dizzying array of nearly incomprehensible pleading."); Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1294 (11th Cir. 2018) (affirming the dismissal of a complaint on shotgun pleading grounds that consisted of "innumerable pages of rambling irrelevancies, making no distinction between the defendants engaged in the various alleged acts."); Magluta,

256 F.3d at 1284 (finding that a complaint was a quintessential shotgun pleading where it was "replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged."); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (finding that a complaint was a shotgun pleading where "a reader of the complaint must speculate as to which factual allegations pertain to which count."); Cramer v. Florida, 117 F.3d 1258, 1261 (11th Cir. 1997) (finding a complaint to be a shotgun pleading where it "is so disorganized and ambiguous that it is almost impossible to discern precisely what it is that these appellants are claiming."); Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 905 (11th Cir. 1996) (characterizing a complaint as a shotgun pleading where is "was framed in complete disregard of the principle that separate, discrete causes of action should be plead in separate counts."); Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996) (finding the complaint to be a "perfect example" of a shotgun pleading where it was "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief," and it failed to "present each claim for relief in a separate count, as required by Rule 10(b)"). Accordingly, Defendants' Motions to Dismiss on this ground are **GRANTED**. Additionally, because the entire Amended Complaints are subject to dismissal as shotgun

pleadings and for failure to comply with this Court's May 28 Order, the case is dismissed as to all Defendants. See Barmapov, 986 F.3d at 1326 (affirming the trial court's dismissal of entire lawsuit against all defendants, some of whom moved to dismiss on shotgun pleading grounds and others who did not).

Furthermore, because Plaintiffs have failed to comply with this Court's May 28 Order, by repeating verbatim the allegations from the original Complaint without any attempt to remedy the shotgun pleading flaws, this case is subject to dismissal with prejudice. A district court has discretion to dismiss an action sua sponte for failure to prosecute or failure to obey a court order. Goodison v. Washington Mut. Bank, 232 F. App'x 922, 922-23 (11th Cir. 2007) (citing FED. R. CIV. P. 41(b)).

> The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice. Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances.

Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (citations and quotations omitted).

Plaintiffs were instructed to replead their Complaint in accordance with specific direction from the Court to address the numerous flaws in the original Complaint. Instead of complying with the clear direction of the Court, Plaintiffs

15

filed two Amended Complaints, each containing hundreds of pages more than the original Complaint and consisting of identical incomprehensible screed rife with the same issues previously identified by the Court.[4]  Because Plaintiffs made "no meaningful attempt to comply" with this Court's orders despite being given an opportunity to file an amended complaint, and because this is not the first shotgun pleading Robinson has filed, dismissal with prejudice is warranted.  Goodison, 232 F. App'x at 923 (affirming the dismissal of the pro se complaint with prejudice on shotgun pleadings grounds); see also Barmapov v. Amuial, 986 F.3d 1321, 1326 (11th Cir. 2021) (holding that the district Court did not abuse its discretion when it dismissed the case with prejudice after the plaintiff was given a chance to replead); Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018) (affirming the dismissal of shotgun pleading with prejudice where litigant was given chance to replead); McDonough v. City of Homestead, 771 F. App'x 952, 956 (11th Cir. 2019) (quoting Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1359 (11h Cir. 2018) (affirming the district court's dismissal with prejudice without providing the

---

[4] The Court notes that this case is not the first time Plaintiffs were put on notice about the consequences of filing shotgun pleadings.  See Robinson v. The United States of America, et al., No. 1:23-CV-43-MHC.

plaintiff a second opportunity to amend because the plaintiff had previously filed a similar lawsuit and was put on notice of the deficiencies in his filings).

## III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiffs' Motions for temporary restraining orders [Docs. 81 & 83] are **DENIED**.

It is further **ORDERED** that the Notices of Hearing [Docs. 49-53, 67, 71-75], in which Plaintiffs appear to request public hearings on matters pending before the Court, are **DENIED AS MOOT**.[5]

It is further **ORDERED** that the motions to dismiss filed by the following Defendants: Florida Atlantic University ("FAU") [Doc. 22], Mariana Danet, M.D. ("Danet") [Doc. 24], Yoel A. Hernandez-Rodriguez, MD ("Hernandez-Rodriguez") [Doc. 25], South Broward Hospital District, d/b/a Memorial Healthcare System ("MHS") [Doc. 26], Apple Inc. ("Apple") [Doc. 33], Brittney Mason ("Mason") [Doc. 37], Amgen Inc. ("Amgen") [Doc. 38], AT&T Inc. [Doc. 43], BlackRock Inc. ("BlackRock") [Doc. 55], Enterprise Holdings, Inc.

---

[5] The Court's Standing Order specifies that, if a party wishes to have an oral argument on a motion, it must "specify the particular reasons argument may be helpful" and "what issues will be the focus of the proposed argument." Standing Order [Doc. 5] at 16. Here, Plaintiffs have failed to give any reason why oral argument would be necessary. Additionally, the matters before the Court are not overly complicated such that oral argument would be beneficial.

("Enterprise") [Doc. 57],[6] and T-Mobile USA, Inc. ("T-Mobile") [Doc. 60] are **GRANTED**. Plaintiffs' case is **DISMISSED WITH PREJUDICE**.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this 8th day of July, 2024.

_____
MARK H. COHEN
United States District Judge

---

[6] Plaintiff also names Enterprise Rent-A-Car, Inc., but no such entity exists. Id.